IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
ILLINOIS

**DEVONTAE H. HONEY,**
**#2021012094,**

       **Plaintiff,**

v.

**IDOC, PINCKNEYVILLE**
**CORRECTIONAL CENTER,**
**HEALTHCARE UNIT OPERATIONS, and**
**WEXFORD HEALTH SOURCES**
**INCORPORATED,**

       **Defendants.**

Case No. 23-cv-03228-SPM

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    Plaintiff Devontae Honey, who is currently in custody at the Cook County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983 for the deprivations of his constitutional rights that occurred while incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). This case is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## THE COMPLAINT

    Plaintiff alleges that in June 2022, while incarcerated at Pinckneyville, he injured his right pinky finger playing basketball. (Doc. 1, p. 3). Plaintiff believed his finger was only jammed and did not seek immediate medical treatment. After waiting a few days, the pain grew

worse, and his finger became swollen and turned black. Plaintiff submitted a health care request slip, and he did not receive an appointment for a few weeks. Once seen by medical staff, an x-ray was taken that showed Plaintiff's finger was broken. Plaintiff then had to wait over two months to be seen by an outside orthopedic doctor. The doctor told Plaintiff that he had waited too long to fix his finger. The doctor recommended physical therapy at Pinckneyville. Plaintiff never received physical therapy, so he wrote a grievance. The grievance was denied. Plaintiff states that because he did not receive timely care, he can no longer close his fist as he once was able to do. (*Id.*).

## DISCUSSION

Plaintiff has failed to state a constitutional claim, and the Complaint will be dismissed without prejudice. *See* FED. R. CIV. P. 8(a). First, Plaintiff names as defendants IDOC, Pinckneyville Correctional Center, and Healthcare Unit Operations, who are not considered "persons" subject to suit for money damages under Section 1983. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Neither can a state agency be sued for prospective injunctive relief in federal court. *See Quick v. Ill. Dep't of Fin. & Prof'l Regulation,* 468 F. Supp. 3d 1001, 1009 (N.D. Ill. June 23, 2020) (collecting cases). Thus, any claims asserted against these entities under Section 1983 are dismissed with prejudice.

Second, Plaintiff has failed to state a claim against the remaining defendant, Wexford Health Sources, Inc. ("Wexford"). To proceed with a claim against Wexford, Plaintiff must allege that a policy, custom, or practice attributable to the private medical corporation actually caused a violation of his constitutional rights. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782,786 (7th Cir. 2014) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). The Complaint does not include any allegations against Wexford and listing Wexford as a defendant is not sufficient for a claim to

survive preliminary review. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). All claims Plaintiff is intending to assert against Wexford are therefore dismissed without prejudice.

Because Plaintiff has not stated a claim showing that he is entitled to relief, the Complaint does not survive preliminary review. However, Plaintiff will be given an opportunity to replead his claims in an amended complaint.

## MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a motion asking the Court to recruit counsel on his behalf. (Doc. 4). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff has failed to meet the first requirement, demonstrating that he has made reasonable attempts to obtain counsel on his own. He does not provide any information regarding his efforts to contact attorneys prior to filing his motion and seeking assistance from the Court. The Court also finds that Plaintiff is capable of representing himself at this stage. He is a high school graduate, and his Complaint shows his ability to draft coherent sentences and relay information to the Court. At this juncture, the Court is merely concerned with whether this action can get out of the gate, so to speak. No legal training or knowledge is required to do this. Therefore, the recruitment of counsel is not warranted at this time, and the motion is **DENIED**. If the amended complaint survives Section 1915A review, and Plaintiff encounters difficulties in self-representation as this case proceeds, he may refile his motion seeking recruitment of counsel. If he chooses to renew his request, Plaintiff should submit rejection letters from at least three attorneys to demonstrate that

he has made reasonable efforts to obtain counsel on his own.

## DISPOSITION

For the reasons set forth above, the Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim for relief.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **November 21, 2023.** Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to state a claim, failure to comply with a court order, and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 23-cv-03228-SPM). To enable him to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:**   October 24, 2023

                                         *s/Stephen P. McGlynn*
                                         **STEPHEN P. MCGLYNN**
                                         **United States District Judge**