IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEVONTAE H. HONEY,
#2021012094,

        Plaintiff,

v.

IDOC, *et al.*,

        Defendants.

Case No. 23-cv-03228-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Devontae Honey filed this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred at Pinckneyville Correctional Center. The Complaint did not survive screening under 28 U.S.C. § 1915A and was dismissed without prejudice. (Doc. 12). The Court granted Plaintiff an opportunity to replead his claims in an amended complaint. He was directed to file a First Amended Complaint on or before November 21, 2023. Plaintiff was advised that failure to do so would result in the dismissal of the entire case.

Plaintiff has missed the deadline. A week has passed since it expired, and he has not requested an extension or filed an amended complaint. Furthermore, Plaintiff has not updated his address, and the Court has received three documents back as undeliverable. (Doc. 13, 14). The Court will not allow this matter to linger indefinitely or investigate Plaintiff's whereabouts. Accordingly, this action is **DISMISSED with prejudice** for failure to state a claim, as stated in the Merit Review Order. (Doc. 7). This action is also dismissed due to Plaintiff's failure to comply with an order of the Court and for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Plaintiff must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: November 29, 2023**

                                                  *s/Stephen P. McGlynn*
                                                  **STEPHEN P. MCGLYNN**
                                                  **United States District Judge**